NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SPINE SURGERY ASSOCIATES & DISCOVERY IMAGING, PC on assignment of ANTHONY P., <br><br> Plaintiff, <br><br> v. <br><br> INDECS CORP.-CONSTANT SERVICES INC., ABC BENEFIT PLANS 1-10; and JOHN/JANE DOES INC./LLC 1-10, <br><br> Defendants. | Civ. No. 13-1390 (KSH) (CLW) <br><br><br> **OPINION** |

**Katharine S. Hayden, U.S.D.J.**

I. **Introduction**

Before the Court are the motion (D.E. 3) of defendant INDECS Corp. ("INDECS") to dismiss the complaint filed by plaintiff Spine Surgery Associates & Discovery Imaging, PC ("Spine Surgery"), and Spine Surgery's cross-motion to amend its complaint (D.E. 10). For the reasons stated below, Spine Surgery will be granted leave to file an amended complaint within 30 days of the entry of this opinion and the accompanying order, and INDECS's motion to dismiss will be denied as premature.

II. **Background**

Spine Surgery, a provider of healthcare services, filed a complaint in state court alleging in substance that it was underpaid for services it rendered to its patient, Anthony P. (*See generally* D.E. 1-1 ("Compl.").) It has sued as an alleged assignee of Anthony P.'s benefits under his healthcare plan or policy. (*See* Compl. ¶¶ 8, 15, 22, 30.)

The complaint, which named as defendants "INDECS Corp.-Constant Services Inc.," along with ABC Benefit Plans 1-10 and John/Jane Does Inc./LLC 1-10, contains four counts. The first count, for breach of contract, alleges that "Anthony P. was entitled to payment of health benefits from Defendants pursuant to a health Plan or Policy issued or administered by Defendants"; that he assigned the right to payment to Spine Surgery, which filed a claim for payment of the benefits; and that, "[u]pon information and belief, Defendants have failed to make full payment of the health benefits Anthony P. is entitled to under the Plan or Policy." (Compl. ¶¶ 14-17.) Spine Surgery seeks judgment on this count against "Defendants INDECS Corp.-Constant Services Inc." for an order directing "Defendants" to pay it the purported balance due, and "all benefits [it] would be entitled [to] pursuant to the Plan or Policy issued or administered by Defendants." (Compl.)[1] Spine Surgery also seeks compensatory damages, interest, attorneys' fees, and costs. (*Id.*)

Counts two through four are pleaded "to the extent" that the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1002 *et seq.*, "governs this dispute." (Compl. ¶¶ 20, 28, 36.) Count two seeks payment of benefits due under Anthony P.'s plan, pursuant to ERISA's civil enforcement statute, 29 U.S.C. § 1132(a). Spine Surgery seeks judgment against "Defendants" on this count in the form of an order directing payment of the purported balance due and for "all benefits Anthony P. would be entitled to pursuant to the Plan or Policy issued by Defendants." (Compl.) As with count one, Spine Surgery further seeks compensatory damages, interest, attorneys' fees, and costs. (*Id.*)

---

[1] Spine Surgery assigns the term "Defendant" to each of the defendants it named in its original complaint, and the term "Defendants" to the group of defendants collectively. (*See* Compl. ¶¶ 2-4.) Thus, when the term "Defendant" is utilized in the complaint, it is frequently unclear about which entity Spine Surgery refers to.

Count three alleges that Spine Surgery requested, but did not receive, certain information, namely the member plan or policy for Anthony P. and documents supporting the calculation of reimbursement for Spine Surgery's services. (Compl. ¶¶ 31-33.) Spine Surgery, again invoking ERISA's civil enforcement statute, 29 U.S.C. § 1132(a), further asserts that "29 U.S.C. § 1132(a)(1) and 1132(c)(1)(B) impose a statutory penalty on any administrator who fails to comply with a request for information required to be turned over to a beneficiary under ERISA." (Compl. ¶ 34.) Spine Surgery seeks judgment against "Defendant" on count three in the form of an order directing "Defendants" to pay it $110 per day for each day they did not provide Spine Surgery with a copy of the plan or policy, along with compensatory damages, interest, attorneys' fees, and costs. (Compl.)

Count four asserts that, contrary to 29 C.F.R. § 2560.503-1, the plan under which Spine Surgery sought benefits "did not establish and maintain . . . procedures that ensured that all relevant time limits and appeal procedures were communicated to the person claiming benefits." (Compl. ¶ 41.) Further, Spine Surgery claims, "[a]s a consequence of Defendants' failure to provide, in a manner calculated to be understood by the person claiming benefits, written notice of all relevant time limits and appeals procedures" for the adverse benefit determination Spine Surgery received, the plan failed to comply with the requirements of the regulation. (Compl. ¶ 42.) Spine Surgery seeks judgment against "Defendant" on count four in the form of an order that, because "Defendant" did not comply with the requirements of the regulation, Spine Surgery is deemed to have exhausted its administrative remedies. It also seeks, as on the other counts, compensatory damages, interest, attorneys' fees, and costs. (Compl.)

INDECS, which asserts that it is a separate entity from Constant Services Inc. ("Constant Services") (*see* D.E. 3-1 ("Moving Br.") 1 n.1), removed the action to this Court on the assertion that it arises under ERISA. (D.E. 1 ("Notice of Rem.") ¶ 4.) INDECS then moved to dismiss the complaint, arguing that Spine Surgery's breach of contract claim (count one) is preempted by ERISA, and that Spine Surgery cannot recover against it because (a) Spine Surgery did not plead that it had exhausted the remedies available under the plan, and (b) Spine Surgery lacks standing to sue it for benefits or request plan materials from it, given its status as a non-fiduciary claims administrator. INDECS likewise challenges Spine Surgery's "standing by assignment" position.

Spine Surgery cross-moved to amend its complaint, arguing that only upon receiving INDECS's motion papers, which appended a copy of the plan allegedly governing the benefits at issue, did it have access to that plan. (Opp. Br. 1 n.1.) Spine Surgery also offered factual assertions in its proposed amended complaint that it did exhaust its remedies under the plan. In opposition to the motion to dismiss Spine Surgery argued that it has standing to sue, and that INDECS may be a fiduciary and thus a proper entity to sue, but that the issue should not be decided on a motion to dismiss. In the cross-motion to amend, Spine Surgery proposed a complaint in which it adds Constant Services as a defendant along with allegations and exhibits regarding its efforts to appeal under the plan. The breach of contract claim is dropped. In its motion papers Spine Surgery suggests that the original complaint "may have" been deficient, "especially in light of the *Twombly* pleading standards," and that it should be permitted to amend the complaint to comply with federal pleading requirements under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). (*See* Opp. Br. 11-12.)

INDECS, in reply, has maintained that it is not a fiduciary subject to suit by Spine Surgery, and that the assignment from Anthony P. did not accord Spine Surgery standing to sue INDECS as claims administrator. INDECS also posits that it paid an appropriate amount on the claim, and that Spine Surgery's cross-motion should be denied because amendment would be futile.

## III. Discussion

Fed. R. Civ. P. 15(a)(2) permits a party to amend its complaint upon leave of the Court. Leave is to be "freely give[n] . . . when justice so requires." *Id.* In the interest of adjudicating matters on their merits, absent the plaintiff's undue delay, bad faith, or dilatory motive, its failure to remedy deficiencies in prior amendments, undue prejudice to the defendant, or the futility of the amendment, leave to amend should be granted. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Chief among these considerations is the risk of prejudice. *See Lorenz v. CSX Corp.*, 1 F.3d 1406, 1413-14 (3d Cir. 1993) (quoting *Cornell & Co. v. Occupational Safety & Health Review Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978)) ("We have interpreted these factors [in *Foman*] to mean that 'prejudice to the non-moving party is the touchstone for the denial of an amendment.'").

Here, Spine Surgery requests leave to amend to add a party, in response to INDECS's assertions that it is a separate entity from Constant Services, and to drop a claim and add allegations regarding exhaustion under the purportedly ERISA-governed plan, in response to INDECS's assertion that Anthony P.'s plan is in fact ERISA-governed. More broadly, Spine Surgery appears to request leave to amend to comply with the pleading requirements under *Twombly*, now that the matter is pending in a federal court by virtue of INDECS's removal of it.

None of the considerations counseling against granting leave to amend under Rule 15(a)(2) applies to Spine Surgery's request. In particular, Spine Surgery sought leave to amend

– its first such request – early in the litigation, not long after the action was filed in state court and less than two months after INDECS filed its motion to dismiss – in which INDECS made certain representations and attached a copy of the purportedly governing benefits plan or policy apparently occasioning, at least in part, Spine Surgery's request to amend its complaint. Indeed, that Spine Surgery's motion to amend was prompted by information produced by INDECS itself in its motion illustrates both the absence of improper delay or motives on Spine Surgery's part, and the absence of any risk of unduly prejudicing INDECS.

Although INDECS objects that amendment of the claims against it would be futile,[2] it bases its arguments on a document (Anthony P.'s plan) that is not, at this juncture, properly before the Court. In evaluating a motion to dismiss, the Court is generally limited to the contents of the complaint and any exhibits thereto. *See* Fed. R. Civ. P. 12(d); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997); *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). As INDECS recognizes, there are limited exceptions to this rule, including that the Court may consider "undisputedly authentic" documents attached to a motion to dismiss where "the plaintiff's claims are based on the document." *Pension Ben. Guar. Corp.*, 998 F.2d at 1196. (*See* Moving Br. 2 n.2.) This exception, however, is premised on the principle that if a plaintiff has relied on a document in framing its complaint, it is "obviously on notice of the contents of the document." *Pension Ben. Guar. Corp.*, 998 F.2d at 1196. Spine Surgery claims exactly the opposite: that it must amend its

---

[2] "Futility 'means that the complaint, as amended, would fail to state a claim upon which relief could be granted.'" *Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 175 (3d Cir. 2010) (quoting *In re Merck & Co. Sec., Derivative, & ERISA Litig.*, 493 F.3d 393, 400 (3d Cir. 2007)). "The standard for assessing futility is the 'same standard of legal sufficiency as applies under [Fed. R. Civ. P.] 12(b)(6).'" *Id.* (quoting *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000)).

6

complaint because it did *not* have access to the document when it drafted its complaint; indeed, Spine Surgery explicitly asserts in the original complaint that it requested a copy of the plan and did not receive it.  (*See* Compl. ¶¶ 31, 33.)

Because Spine Surgery will undoubtedly be filing an amended complaint, which would supersede the currently operative complaint, the Court expresses no view on the merits of INDECS's arguments in favor of dismissal of that complaint as to it.  *See W. Run Student Housing Assocs., LLC v. Huntington Nat'l Bank*, 712 F.3d 165, 171 (3d Cir. 2013) (quoting *New Rock Asset Partners, L.P. v. Preferred Entity Advancements, Inc.*, 101 F.3d 1492, 1504 (3d Cir. 1996)) ("The amended complaint supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading.") (alteration and internal quotation marks omitted).  The Court notes, however, that any amended complaint Spine Surgery files will be subject to dismissal if it fails to comply with the "plausibility" standard governing pleadings, namely that the complaint must "set out 'sufficient factual matter' to show that the claim is facially plausible," permitting the Court to "'draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  Mere "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" do not suffice under this standard.  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  In so noting, the Court is mindful of similar admonishments by Judge Kevin McNulty of this District, whose analysis in *NJSR Surgical Center L.L.C. v. Horizon Blue Cross Blue Shield of New Jersey, Inc.*, No. 12-753, 2013 WL 5781496 (D.N.J. Oct. 24, 2013), is persuasive on the critical importance of meeting pleading requirements.

## IV. Conclusion

For the reasons stated above, Spine Surgery's cross-motion for leave to amend its complaint (D.E. 10) is **GRANTED**, and INDECS's motion to dismiss the pending complaint (D.E. 3) is **DENIED** as premature. Spine Surgery may file an amended complaint within 30 DAYS of the entry of this opinion and the accompanying order.

/s/ Katharine S. Hayden

Date: December 30, 2013         Katharine S. Hayden, U.S.D.J.